NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0541n.06
Filed: August 2, 2007

No. 06-2444

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Denise Starghill, | : | |
| | : | |
| Plaintiff-Appellant, | : | On Appeal From the United States |
| | : | District Court for the Eastern District of |
| vs. | : | Michigan |
| | : | |
| United Airlines, Inc., | : | |
| | : | |
| Defendant-Appellee. | : | |

BEFORE: GIBBONS and SUTTON, Circuit Judges; BECKWITH, District Judge.[*]

SANDRA S. BECKWITH, District Judge: Denise Starghill appeals the district court's grant of summary judgment to her former employer, United Airlines, Inc. Starghill alleged that United retaliated against her for asserting a workers' compensation claim, in violation of Michigan's Workers' Compensation Act.

Starghill started working for United in 1988, and until her termination in 2004 served as a telephone reservation sales and service representative. Starghill filed her first workers' compensation claim in the spring of 2000, after an incident involving a loud noise over the telephone while she was talking with a customer. In November 2002, Starghill's work chair broke while she was sitting in it, and she claimed additional injuries from this accident. After her

_____

[*] The Honorable Sandra S. Beckwith, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

-1-

return to work in early 2003, she contended that she again injured herself when she tried to reach a pencil that had fallen on the floor. Starghill does not dispute United's statement that she worked only 5 days in 2003 and less than one day in 2004. In late 2003, United obtained videotape surveillance of Starghill performing many tasks and activities that contradicted her complaints of injuries and pain. Starghill also traveled extensively during her period of claimed disability, activity that United believed was inconsistent with her claimed injuries.

United conducted a formal "Investigative Review Hearing" on November 4, 2004. The hearing was held to review United's claim that Starghill violated United's union contract work rules by falsely claiming sick and injury leave pay, and furnishing false information about her work absence. After a full hearing at which Starghill was represented by her union, the Hearing Officer determined that Starghill had violated company work rules and ordered her immediate termination. Starghill timely filed suit against United, alleging her termination violated Michigan law because United fired her for filing workers compensation claims.

The district court, after reviewing the record before it, concluded that Starghill failed to establish a prima facie case of retaliatory discharge. Even if she had done so, the district court also concluded that Starghill had not met her burden of establishing pretext.

We have undertaken a de novo review of the record, the applicable law, and the parties' briefs. We conclude that the district court's opinion correctly recites the facts, and applies to the undisputed facts the law governing retaliation claims under both federal and Michigan law. The issuance of a full written opinion by this court would therefore serve no useful purpose. Accordingly, for the reasons fully explained in the district court's opinion, we AFFIRM.